FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

04 APR 14 PM 3: 32

GARY D. McFARLAND
CLERK

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHANEDIA MORROW, Individually and on Behalf of Mar'yana Morrow, and Marqueonna Morrow, Minor Children, ) ) ) ) | Civil Case No. 8:04CV179 |
| Plaintiffs, ) ) | |
| vs. ) ) ) ) | **COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL** |
| OMAHA HOUSING AUTHORITY, ) ) | |
| Defendant. ) | |

## I. INTRODUCTION

COME NOW Plaintiffs, Shanedia Morrow, individually, and on behalf of Plaintiff's minor children, by and through her attorney Catherine Mahern of the Law Milton R. Abrahams Legal Clinic, and states and alleges as follows:

1. Plaintiff seeks monetary, declarative, and injunctive relief against Defendant for terminating Plaintiff's Section 8 benefits without due process of law, thus violating her due process rights which are protected by 42 U.S.C. § 1983.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 42 U.S. C. § 1983.

1

3. Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201, U.S. CONST. amend. V, as well as Rules 57 and 65 of the Federal Rules of Civil Procedure.

4. Venue is proper under 28 U.S.C. § 1391 in that all events giving rise to the claims alleged herein occurred in Omaha, Douglas County, Nebraska.

### III. PARTIES

5. Plaintiff Shanedia Morrow resides in Omaha, Nebraska with her minor children, Plaintiffs Mar'yana Morrow, age six, and Marqueonna Morrow, age two.

6. Plaintiffs are currently homeless within the meaning of homeless under 42 U.S.C.A. §11302.

7. The Omaha Housing Authority (OHA) provides and administers housing assistance under the Section 8 program which is federally funded under 24 CFR 982.311

8. The Omaha Housing Authority (OHA) is organized under the laws of the State of Nebraska at Neb. Rev. Stat. §71-1503.

### IV. FACTS

9. Plaintiff Shanedia Morrow is the single parent of and and has full legal and physical custody of her minor children Plaintiffs Mar'yana and Marqueonna Morrow.

10. Plaintiff rented an apartment for herself, and her minor children at Timber Ridge Apartments on or about October 25th, 2002.

11. The monthly rental amount Plaintiff was to pay pursuant to her lease with Timber Ridge Apartment was $730.00.

12. Plaintiff applied for and received Section 8 housing assistance from the Defendant in the form of monthly vouchers, payable to Timber Ridge Apartments in the amount of $698.00.

Pursuant to her entitlement to Section 8, Defendant was to pay Timber Ridge Apartments $698.00, and Plaintiff paid the remaining $32.00 to Timber Ridge monthly.

13. From October of 2002 until May of 2003 all payments were made in a timely manner by Defendant.

14. On or about July 5, 2003, Plaintiff received a letter dated July 1, 2003 from Sophia Allen, an agent of Defendant, which stated that Plaintiff's Section 8 benefits were terminated effective June 1, 2003, due to Plaintiff "vacating the unit."

15. Plaintiff timely appealed the termination of her Section 8 benefits and requested a hearing with Defendant.

16. Defendant scheduled a hearing for Plaintiff's appeal until August 5, 2003.

17. On August 5, 2003 the Plaintiff attended her hearing before three (3) person panel consisting of employees of Defendant.

18. At the hearing Defendant used evidence of alleged lease violations not contained in her letter of termination of July 1, 2003, specifically that Plaintiff's apartment unit had failed inspection and that her utilities were involuntarily shut off.

19. Defendant's inclusion of evidence of alleged lease violations not contained in her termination letter in the hearing of August 5, 2003, denied Plaintiff her due process rights.

20. After her hearing, Plaintiff attempted to provide proof that her utilities were not shut off, but such evidence was refused by Defendant.

21. As a result of the hearing Plaintiff was determined to not have vacated the unit as alleged in the termination letter, but that her Section 8 benefits remained terminated due to the shut off of her utilities and failed inspections.

22. On August 6, 2003, Plaintiff received a letter from Defendant stating that her Section 8 benefits were remained terminated for the following reasons: "disconnected utilities" and "failed inspections."

23. Defendant failed to pay Plaintiff's Section 8 benefits to Timber Ridge Apartments for the months of June, July and August of 2002.

24. Defendant's failure, or refusal to pay Plainitff's Section 8 benefits to Timber Ridge Apartment before her due process hearing and a final determination of her entitlement to benefits was a violation of Plaintiff's due process rights.

25. On August 7, 2003, Plaintiff received a lease termination notice from Timber Ridge Apartments due to Plaintiff being "grossly overdue" in her rent, and threatened eviction.

26. On or about September 18th, 2003, under threat of eviction, Plaintiff move from her Timber Ridge apartment.

27. As a result of Defendant's wrongful termination of Plaintiff's Section 8 benefits, Plaintiff and her family became homeless as defined under 42 U.S.C.A. §11302, The McKinney Homeless Assistance Act, and Plaintiff has found no reasonable housing alternative for herself and her minor children.

28. Plaintiff and Plaintiff's minor children have been harmed by Defendant's actions, and continue to be harmed, suffering from anxiety, pain, economic loss, and other irreparable harm.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

A. An order from the Court declaring that Defendant denied Plaintiff's due process rights by arbitrarily and capriciously terminating her Section 8 benefits;

B. Enter a temporary restraining order and a preliminary injunction, ordering the Defendant to immediately reinstate Plaintiff and her minor children to the Section 8 Program;

C. Award monetary for compensatory damages and punitive damages;

D. Award Plaintiff the costs of this action, including fees, expenses and attorney's fees; and,

E. Such other relief as the court deems just and proper.

— Request for trial in Omaha, NEBraska

Shanedia Morrow, Plaintiff

Tim Mahaffey
Senior-Certified Law Student

Patrick Chee
Senior-Certified Law Student

By: Catherine Mahern
Catherine Mahern #19939
Abrahams Legal Clinic
2120 Cass St.
Omaha, NE 68178
(402) 280-3068

5